Rockingham, } No. 3354.
Nov. 4, 1942. }

### STATE *v.* ANGELO J. MUSCARELLO.

*Stephen M. Wheeler*, Acting Attorney-General, and *Ernest R. D'Amours*, Assistant Attorney-General, by brief, for the State.

*Arthur J. Reinhart* (orally), for the defendant.

ALLEN, C. J.   The Spirituous Liquor and Beverages Act (R. L., c. 170) contains a section (*s.* 33) with the title of Transportation and a following section (*s.* 34) entitled Possession.   The former section forbids the transportation "in this state" of more than three quarts of liquor unless it was bought at a state store.   The State Liquor Commission on application may permit the transportation of not over three gallons bought elsewhere if it is for personal use. Other provisions of the section permit transportation for special purposes by common carriers, licensees and manufacturers.   The latter section (*s.* 34) reads: "No person shall possess, transport, procure, furnish, or give away any liquor except such as has been sold under the provisions hereof or legally purchased outside the state and except as otherwise provided herein."

One purpose of the act is to obtain revenue for the State, and one clear design of the former section (*s.* 33) is to restrict competition with the State stores.   If liquor might be purchased outside the

State in substantial quantities and brought into the State, the competitive factor might be serious. It is improbable that the ensuing section (s. 34) was intended to materially lessen the restraint of competition, as would be the case if the defendant's position were sound. To say that no more than three quarts of liquor may be transported unless bought at a State store and then to permit transportation in any quantity if the liquor is legally bought outside the State, would also tend to facilitate illegal sales.

As its heading shows, the latter section (s. 34) is designed to define illegal possession with features incidental to it. In due construction it does not modify the provisions of the preceding section (s. 33), but the two sections are to be read in the light of each other under the principle of contextual considerations. It emphasizes possession as its subject-matter while the preceding section covers that of transportation. It was not designed to be a partial repeal of the entire enactment in which it is embodied. If the words "and brought into" were inserted after the word "outside," they would express the legislative meaning, and being fairly implied, they become a part of the section as much as its expressed words. Not to do so would be to ascribe to the legislature a purpose to give to all liquor legally bought equality of regulatory treatment, a purpose refuted by various provisions of the act prescribing differing treatment.

Inaccurate statement of intention may be as effective in expressing intention as correct phraseology without amending or modifying it. "What is within the legally proved intention of the legislature is within the statute, though not within the letter; and what is within the letter but not within the intention is not within the statute." *Opinion of the Justices*, 66 N. H. 629, 655.

*Case discharged*

All concurred.